liPER CURIAM.
Writ granted.
This is a legal malpractice action against Michael O’Keefe, Sr., several of his associates and agents, and his professional liability carrier, the Home Insurance Company. Defendants sought to stay discovery in this matter pending the completion of O’Keefe’s federal criminal prosecution. Plaintiffs opposed the stay. After being ordered to go forward with scheduled discovery depositions, defendants attended their scheduled depositions but invoked their Fifth and Sixth Amendment privileges at these depositions, refusing to-answer certain questions.
Contending that defendants were refusing to answer questions which could not be construed as incriminating and were conspiring to prevent plaintiffs from proceeding with discovery, plaintiffs filed a motion to compel discovery and for sanctions. The trial court denied the motion insofar as plaintiffs requested a default judgment,[1] but granted the motion in part, ordering that the individual defendants not be allowed to testify at trial, that the jury be instructed as to the adverse inference from their failure to do so and that their answers and affirmative defenses be stricken from the record. The trial court “expressly reserved] the rights of the |2defendants to conduct pre-trial discovery and cross examine witnesses called by the plaintiffs, including the plaintiffs themselves, and to call their own witnesses, at trial.”
Defendants O’Keefe and Home applied to this court for review of that order, contending that, the trial court abused its discretion in granting such broad discovery sanctions. Home additionally argues that the trial *734 court’s discovery sanction has the unintended effect of sanctioning Home (despite that it had no part in the alleged discovery violations) by precluding it from putting on evidence in the form of these defendants’ testimony needed to establish its coverage defenses.
We grant defendants’ application, concluding that the trial court’s order in effect grants a default judgment against these defendants for exercising their constitutional rights. See Martin v. Mennello, 615 So.2d 877 (Fla.App. 5th Dist.1993) (reversing a similar trial court discovery ruling as abuse of discretion). Moreover, there has been a substantial lapse of time since the ruling of the trial court, and criminal convictions have taken place in the interim. Accordingly, we set aside the trial court’s order and remand the case to the district court. Plaintiff may seek further discovery, including taking additional depositions, and the trial court then may consider other forms of discovery sanctions upon appropriate motion.
VICTORY, J., not on panel.

. In No. 96-CC-1243, this court refused application for review of that dismissal.